IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,907




EX PARTE BRUCE ELLIOTT GIPSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 27523CR IN THE 40TH DISTRICT COURT
FROM ELLIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated robbery and sentenced to thirty years’ imprisonment for each count. Applicant’s direct
appeal was dismissed for want of jurisdiction. Gipson v. State, No. 10-04-00199-CR (Tex.
App.–Waco delivered September 1, 2004). 
            Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. 
            The trial court has determined that trial counsel failed to timely file a notice of appeal. We
find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 27523CR from the 40th Judicial District Court of Ellis County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated
as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold
that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written
notice of appeal in the trial court within 30 days after the mandate of this Court issues.
 
Delivered: April 30, 2008
Do Not Publish